IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TAMMY CONWAY, individually,
and as Personal Representative
of the Estate of David Conway,
deceased,**

**Plaintiff,**

v.                                                                                  No. 15-01137-DRH

**ADRIAN CARRIERS, LLC,
and GREGORY LEE HORNE,**

**Defendants.**

MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is defendants' motion to dismiss plaintiff's third amended complaint, or alternatively to strike and/or make plaintiff's claims more definite and certain (Docs. 59 & 60). Plaintiff opposes the motion (Doc. 64). For the following reasons, the Court denies the motion.

This case stems from a tractor-trailer on tractor-trailer accident between plaintiff's decedent David Conway and Gregory Horne. David Conway died as a result of the accident and his estate brings wrongful death (Counts I, II & III– vicarious liability) and survival actions (Counts IV, V & VI-vicarious liability) (Doc. 52). Plaintiff seeks both compensatory and punitive damages. The third amended complaint further alleges that Horne was acting within the course and

scope of his employment at the time of the incident and that Adrian Carriers, LLC was liable for any acts and omissions of Horne under the doctrine of *respondeat superior*. Defendants filed their answers to plaintiff's complaint admitting that Horne was operating the tractor-trailer in the course and scope of his employment with Adrian Carriers, LLC and that Adrian Carriers, LLC owned the tractor-trailer that Horne was operating at the time of the accident (Doc. 20, p. 4 & Doc. 21. p. 4).

Defendants move to dismiss the third amended complaint arguing that under Illinois law does not permit recovery of punitive damages in common law negligence actions under the Wrongful Death Act, 740 ILCS 108/1, or the Survival Act, 755 ILCS 5/27-6, and that plaintiff cannot maintain a direct claim for negligent hiring, negligent retention or negligent entrustment against an employer when the employer admits responsibility for the conduct of its agent/employee under a *respondeat superior* theory. Plaintiff opposes the motion.

## II. Motion to Dismiss

When reviewing a 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right

to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

### Punitive Damages

As to the punitive damages issue, the Court finds that at this stage of the litigation plaintiff has pled sufficient facts to show she is entitled to relief in both a survival and wrongful death action. As long as she can obtain some relief, dismissal is inappropriate at this time. Further, the Court finds that the punitive damages allegations do no warrant striking as the requests for punitive damages are not redundant, immaterial, impertinent or scandalous and will not cause any undue prejudice to Adrian Carriers, LLC or to Horne. Indeed, based on the briefings, whether punitive damages are available appears to be a material issue in this case. Plaintiff contends that a conflict of law issue exists which presents the potential for Missouri law to apply to the case which would allow punitive damages. The Court notes that neither party has adequately addressed this issue in the briefings. The parties may raise the choice of law issue at the summary judgment stage, where they can present facts to support their respective choice of law positions. Thus, the Court denies the motion as to punitive damages issue.

### Respondeat Superior/Negligent Entrustment

In Illinois, a negligent entrustment claim is duplicative where the employer has admitted liability for the actions of the employee in a *respondeat superior*

claim. *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1159 (Ill. App. 2002); *Neff v. Davenport Packaging Co.*, 268 N.E. 2d 574, 575 (Ill. App. 1971). Because of the potential admission of inflammatory evidence irrelevant to the negligence action, Illinois courts have reasoned that a negligent entrustment claim must be dismissed where the employer admits the employee was acting within his scope of his employment. "The liability of the employer is fixed by the amount of the liability of the employee." *Gant*, 770 N.E.2d at 1160. *Respondeat superior* and negligent entrustment are "simply alternative theories by which to impute an employee's negligence to an employer." *Id*; *Thompson v. Northeast Illinois Regional Commuter Railroad Corp.*, 854 N.E.2d 744, 747 (Ill. App. 2006).

"In cases involving willful and wanton entrustment, however, the analysis necessarily differs from that of negligent entrustment. Unlike the situation in negligent entrustment cases, where the misconduct of the defendant-principal is of the same level of culpability as the tortfeasor-agent, defendants-principals may be found guilty of willful and wanton conduct even though the tortfeasors-agents to whom the instrumentality causing the injury was entrusted may have been only negligent. … Consequently, the necessity of proof of the defendant-principal's misconduct in connection with the willful-and-wanton entrustment actions is not eliminated simply because that party acknowledges an agency relationship with the tortfeasor." *Lockett v. Bi-State Transit Authority*, 94 Ill.2d 66, 73 (Ill. 1983). "The *Lockett* court held that *Neff's* rationale does not apply when the entrustment alleged is willful and wanton." *Gant*, 770 N.E.2d at 1160.

Here, there are allegations of willful and wanton conduct in the third amended complaint and if proven, may subject Adrian Carriers, LLC to greater liability than the negligence of Horne. As such, this matter falls under *Lockett* and dismissal is not appropriate at this stage of the litigation.

### III. Conclusion

Accordingly, the Court **DENIES** the motion to dismiss plaintiff's third amended complaint, or alternatively to strike and/or make plaintiff's claims more definite and certain (Doc. 59). Lastly, the Court **ALLOWS** plaintiff up to and including August 12, 2016, to file a fourth amended complaint to correct the typographical error contained in Count VI.

**IT IS SO ORDERED.**

Signed this 28th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.28 19:37:49 -05'00'

**United States District Judge**