IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMMY CONWAY, *individually, and as Special Administrator of the Estate of David Conway,* | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.  3:15 CV 1137 DRH/RJD |
| ADRIAN CARRIERS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |
| vs. | ) ) |
| 5 STAR LOGISTICS, LLC, | ) ) |
| Third Party Defendant. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants/Third Party Plaintiffs Adrian Carrier, LLC, and Gregory Horne's Motion for Entry of Default by the Clerk (Doc. 77) and Third Party Defendant's Motion for Leave to File Answer to Third Party Complaint (Doc. 80).  On October 14, 2015, Plaintiff commenced this wrongful death action, alleging that Defendants negligently caused the death of David Conway in a motor vehicle collision involving two tractor-trailers. (Doc. 1.)  On April 21, 2016, Defendants filed a third party complaint, which added Third Party Defendant as Plaintiff's employer and alleged contributory negligence.  (Doc. 55.)  On May 4, 2016, Defendants served the complaint on Third Party Defendant.  (Doc. 63.)

On September 13, 2016, Defendants moved for an entry of default against Third Party Defendant, alleging that Third Party Defendant failed to file a responsive pleading.  (Doc. 77.)

On September 14, 2016, Third Party Defendant moved for leave to file an answer *instanter* and requested the denial of Defendants' motion for entry of default, and neither Plaintiff nor Defendants has raised any objection. (Doc. 80.)

Rule 55(c) states, "For good cause shown the court may set aside an entry of default." "Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the good cause standard in Rule 55(c) must be easier to satisfy." *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). "Rule 55(c) requires good cause for the judicial action, not good cause for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect". *Id.* "In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

The Seventh Circuit has "noted many times that a default judgment is a harsh sanction that ought to be used sparingly." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir.1984). In addition, "default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailing." *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981). Moreover, "[t]his circuit has a well-established policy favoring a trial on the merits over a default judgment." *United States v. An Undetermined Quantity of Article of Drug Labeled as Benylin Cough Syrup*, 583 F.2d 942, 946 (7th Cir. 1978).

The Court concludes that Third Party Defendant has shown good cause to deny Plaintiff's motion for entry of default. Third Party Defendant has only recently retained counsel and

promptly responded to Defendants' motion. (Doc. 80.)  Moreover, upon review of the proposed answer, Third Party Defendant asserts a meritorious defense to Defendants' complaint.  (*See* Doc. 80-1.)

Based on the foregoing, it is hereby ordered that Defendants' Motion for Entry of Default Judgment (Doc. 77) is DENIED.  It is further ordered that Third Party Defendant's Motion for Leave to File an Answer (Doc. 80) is GRANTED.  Third Party Defendant shall file its answer by October 10, 2016.

**SO ORDERED.**

**DATED:  October 3, 2016.**

s/      *Reona J. Daly*
UNITED STATES MAGISTRATE JUDGE