# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TAMMY CONWAY, individually,**
**and as Personal Representative**
**of the Estate of David Conway,**
**deceased,**

**Plaintiff,**

v.                                                                  No. 15-01137-DRH

**ADRIAN CARRIERS, LLC,**
**and GREGORY LEE HORNE,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court are several motions for summary judgment filed by defendants Adrian Carriers, LLC and Gregory Horne: motion for summary judgment on punitive damages (Docs. 107 & 113); motion for summary judgment on Counts I and IV relative to any claims of negligent hiring, training, supervision, retention & entrustment (Docs. 109 & 108); and motion for summary judgment on Counts IV, V and VI related to claims under the survival act (Docs. 110 & 111). Plaintiff opposes the motions (Docs. 116; 114; and 115, respectively). Based on the record and the applicable law, the Court grants both the motion for summary judgment on punitive damages and the motion for summary judgment on Counts I and IV relative to any claims of negligent hiring, training, supervision, retention &

entrustment and denies the motion for summary judgment as to Counts IV, V, and VI related to claims under the survival act.

On August 9, 2016, Tammy Conway, individually, and as personal representative of the Estate of David Conway, deceased, filed a fourth amended complaint against Adrian Carriers, LLC and Gregory Lee Horne (Doc. 72).[1] This case stems from a tractor trailer on tractor trailer collusion between plaintiff's decedent David Conway and defendant Horne, an employee of Adrian Carriers, LLC ("Adrian Carriers") on August 24, 2015. David Conway died as a result of the accident and his estate brings wrongful death claims (Count I against Adrian Carriers, Count II against Horne & Count III– against Adrian Carriers for vicarious liability) and survival act claims (Count IV against Adrian Carriers, Count V against Horne & Count VI-vicarious liability against Adrian Carriers) under Illinois law. Plaintiff seeks both compensatory and punitive damages.

## **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is material depends on the underlying substantive law that governs the dispute. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citation omitted). "A factual dispute is 'genuine' only if a

---

1 Originally, Conway filed her complaint in this Court based on diversity jurisdiction on October 14, 2015 (Doc. 1). Since the allegations regarding Adrian Carriers as a limited liability corporation were insufficient, the Court directed plaintiff to file an amended complaint (Doc. 7). Plaintiff filed the amended complaint on November 3, 2015 (Doc. 8).

reasonable jury could find for either party." *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014) (internal quotation marks and citation omitted). Because the plaintiff bears the ultimate burden of persuasion, the defendant's summary judgment burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also *Andrews v. CBOCS W., Inc.*, 743 F.3d 230, 234 (7th Cir. 2014). "Upon such a showing, the nonmovant must then 'make a showing sufficient to establish the existence of an element essential to that party's case.'" *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548). The nonmovant must "go beyond the pleadings … to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in her favor." *Id.* at 1168–69 (internal quotation marks and citation omitted). Summary judgment is appropriate where "no reasonable jury could rule in favor of the nonmoving party." See *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 879 (7th Cir. 2016) (citation omitted).

## Facts[2]

The accident in this case occurred during the evening of August 24, 2015 on I-55 in Grundy County, Illinois. On the date of the accident, Horne was driving Adrian Carrier's tractor trailer southbound on I-55 and David Conway was driving

---

2 These undisputed facts are taken from the parties' briefs.

former third party defendant 5 Star Logistics, LLC's tractor trailer in the same direction on I-55 behind Horne.[3] David Conway was returning from Chicago, Illinois and Horne was returning from picking up a load at a railroad yard near Wilmington, Illinois. Shortly after 8:00 p.m., the front left of the tractor trailer driven by David Conway collided with the right rear of the tractor trailer driven by Horne. As a result of the accident, Conway sustained fatal injuries.

On August 26, 2015, Amanda Youmans, D.O., performed an autopsy on David Conway. Dr. Youmans determined that David Conway's cause of death was multiple blunt force injuries. Dr. Youmans also determined that at the time between the blunt force trauma and death of David Conway could have been "seconds," which included the possibility of "instantaneous or immediate death." Dr. Youmans could not determine whether David Conway was conscious or whether he experienced any pain or suffering from the moment of injury until death. No witness has testified that David Conway was conscious at any time from the moment of injury until death.

At the time of the accident, Tammy Conway, David Conway, and the four

---

[3] On April 26, 2016, defendants filed a third party complaint against 5 Star Logistics, LLC for contribution (Count I); negligence/property damage (Count II); and negligent entrustment (Count III) (Doc. 55). Thereafter, the Court granted a joint motion of Adrian Carriers, Horne and 5 Star Logistics, LLC for good faith finding and to dismiss claims against one another (Doc. 106). The Court dismissed with prejudice Count I of the third party complaint and without costs under Rule 54(b), with an express finding that the dismissal of Count I is a final order under Rule 54(b); dismissed without prejudice Counts II and II of the third party complaint and without costs under Rule 41; and found that the dismissal of Count I has been made in good faith under the Illinois Joint Tortfeasors Contribution Act. *Id.*

minor Conway children were Missouri residents.[4]  5 Star Logistics, LLC, was a Missouri limited liability corporation, that was formed in Missouri and that had its principal place of business in Missouri.  Conway started the trip that ended in his death in Missouri and was headed to his home in Missouri.

## Analysis

### Punitive Damages

First, defendants maintain that they are entitled to summary judgment regarding plaintiff's claims for punitive damages as Illinois law does not allow punitive damages under either the Illinois Wrongful Death Act and under the Illinois Survival Act and that Illinois law applies in this case.  In response, plaintiff counters that Missouri law applies as the location of the crash in Illinois was merely fortuitous.  Plaintiff also states: "The parties have acknowledged that if Missouri law applies, which it should, Plaintiff will be allowed to submit on punitive damages.  If Defendants are correct, which they are not, and Illinois law applies, Plaintiffs will not be allowed to submit on punitive damages." (Doc. 116, p. 1).  Plaintiff argues that Missouri law should apply as it has a more significant relationship than Illinois to this case.  Based on the following, the Court agrees with Defendants.

Illinois law plainly holds that punitive damages may not be recovered in wrongful death or survival actions.  This principle was established in a line of cases stemming from *Mattyasovsky v. West Towns Bus Co.*, 330 N.E.2d 509, 512

---

[4] Currently, Tammy Conway and her minor children are residents of Texas.

(Ill. 1975). The Illinois Supreme Court explained that seminal decision in *Froud v. Celotex Corp.*, 456 N.E.2d 131, 134 (Ill. 1983): Where a death gives rise to two statutory actions, "one permitting recovery of damages by the decedent's estate under the Survival Act and the other recovery by the next of kin under the Wrongful Death Act, this court refused to impose, in addition, a common law exaction against the defendant, under the label of exemplary damages, which becomes a windfall for the plaintiff." *See also Van Winkle v. Owens-Corning Fiverglass Corp.*, 683 N.E.2d 985 (Ill. App. 1997)("Illinois law is clear that punitive damages are not recoverable under the Survival Act … or the Wrongful Death Act"); *Haist v. Wu*, 601 N.E.2d 927, 937 (Ill. App. 1992)("The fact that common law plaintiffs are treated differently from wrongful death beneficiaries has repeated withstood equal protection challenges.").

Clearly, a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 543 (7th Cir. 2009). The Erie doctrine extends to choice-of-law principles and requires the court to apply the conflicts rules of the forum state. *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001), *citing Klaxon Co.* 313 U.S. at 496-97. Thus, this Court must apply the substantive law of Illinois (the state in which this Court sits), including Illinois' "conflict of laws" rules.

The Illinois Supreme Court uses the "most significant relationship" test to choose the applicable law in tort cases. *Fredrick v. Simmons Airlines, Inc.*, 144

F.3d 500, 503-04 (7th Cir. 1998). *See also Ruiz v. Blentech Corp.,* 89 F.3d 320, 323-24 (7th Cir. 1996), *cert. denied*, 519 U.S. 1077 (1997).

In practice, this means "the law of the place of injury controls *unless* Illinois has a more significant relationship with the occurrence and with the parties." *Fredrick*, 144 F.3d at 503-04 (emphasis added). This Court must decide whether Illinois has the most significant relationship by examining the following factors: (1) the place of the injury, (2) the place where the injury-causing conduct occurred, (3) the domicile of the parties, and (4) the place where the relationship between the parties is centered. *Id.*

Stated another way, a federal district court sitting in Illinois must conform to Illinois' choice-of-law rules, which are grounded in the Restatement (Second) of Conflicts of Law. "These rules require that the court employ the substantive law of the state with the most significant relationship to the tort at issue." *Suzik v. Sea-Land Corp.*, 89 F.3d 345, 348 (7th Cir. 1996) (citing *Ingersoll v. Klein*, 262 N.E.2d 593, 595 (Ill. 1970)).

Thus, the question now before this Court is which state has the most significant relationship to the torts alleged by plaintiff in this suit, bearing in mind that, "in the absence of unusual circumstances, the highest scorer on the 'most significant relationship' test is the place where the tort occurred." *Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 844 (7th Cir. 1999).

Careful assessment of the factors cited above leads to the conclusion that Illinois has the most significant relationship to the torts alleged herein, and

therefore, Illinois law governs and plaintiff is not entitled to punitive damages. First, Illinois is the place of injury. Second, Illinois is the place where the injury-causing conduct occurred (*i.e.*, where Horne is alleged to have negligently operated the tractor trailer that collided with Conway causing his unfortunate death). In addition, Illinois is the state of domicile of defendant Horne; Illinois is the state where Horne worked out of for Adrian Carriers and Illinois is the place where the "relationship" (if any) between the parties is centered.

Further, plaintiff's fourth amended complaint contains claims brought under the Wrongful Death Act, 740 ILCS 180/1, et seq., and the Survival act, 740 ILCS 5/27-6, *both* under Illinois law (Doc. 72: Count I- ¶ ¶ 66 & 67, ps. 11 & 12; Count II- ¶ ¶ 75 & 76, ps. 14 - 16; Count III- p. 19; Count IV- ¶ 86, p. 17; Count V- ¶ 91, p. 18; and Count VI- ¶ 93 ("incorporates and realleges the above paragraphs as if more fully set forth herein"), p. 18). In addition, plaintiff filed her lawsuit in the Southern District of Illinois which the Court notes is not the district where the accident occurred; that district is the Northern District of Illinois, Eastern Division. See 28 U.S.C. § 93(a)(1). Because the Court cannot conclude that Missouri has a more significant relationship with the occurrence/parties than does the place of injury, the law of the place of the injury (Illinois) controls this issue. *Ingersoll*, 262 N.E.2d at 595. Illinois is the state with the most significant relationship to the torts alleged by plaintiff. Thus, the Court grants the motion for summary judgment as to punitive damages.

**Counts I and IV - negligent hiring, supervision, retention or entrustment claims**

Next, defendants argue that they are entitled to summary judgment because under Illinois law, a plaintiff who is injured in a motor vehicle accident cannot maintain a direct claim for negligent hiring, supervision, retention or entrustment against an employer where the employer admits responsibility for the conduct of its agent/employee under a respondeat superior theory. *See Gant v. L.U. Transport*, 770 N.E.2d 1155, 1160 (Ill. App. 2002). Plaintiff opposes the motion, yet in her brief concedes that if the Court finds that if Illinois law applies and punitive damages are unavailable to her then this motion fails as well. As explained above, the Court finds that Illinois law applies. Thus, the Court grants the motion for summary judgment as to the claims contained in Counts I and IV regarding negligent hiring, supervision, retention or entrustment.

### **Counts IV, V and VI**

Lastly, defendants argue that they are entitled to summary judgment on plaintiff's Survival Act claims because plaintiff cannot provide an essential element of her claims. Specifically, defendants argue there is no competent evidence that David Conway did not experience instantaneous death. Further, defendants maintain that even if David Conway did survive for any amount of time following impact, there is no evidence that he was ever conscious or experienced pain between impact and death. Plaintiff counters that the evidence shows that David Conway experienced a short amount of life from the moment of trauma until his death. Thus, plaintiff maintains the evidence presents a jury question of whether David Conway did in fact experience pain and suffering. The Court agrees with

plaintiff.

In Illinois, the Survival Act, 755 Ill. Comp. Stat. 5/27–6, allows the decedent's estate to recover damages for the conscious pain and suffering endured, and the medical expenses incurred, by the decedent before his death. Thus, a claim under the Survival Act is a derivative one; it is brought by the decedent's representative but based on the injury to the decedent. *See Advincula v. United Blood Servs.*, 176 Ill.2d 1, 223 Ill.Dec. 1., 678 N.E.2d 1009, 1029 (Ill. 1997); *Patch v. Glover,* 248 Ill.App.3d 562, 573, 188 Ill.Dec. 13, 618 N.E.2d 583, 591 (Ill. App. 1993). Those damages include conscious pain and suffering prior to death, *see Murphy v. Martin Oil Co.,* 56 Ill.2d 423, 431, 308 N.E.2d 583, 587 (Ill. 1974), however briefly experienced, *see Glover v. City of Chicago,* 106 Ill.App.3d 1066, 1072, 62 Ill.Dec. 597, 436 N.E.2d 623, 628 (Ill. App. 1982).

According to Illinois pattern jury instructions, survival damages are ascertained by taking into consideration the nature, extent, and duration of the injury. *See* IPI 31.10. When determining whether the decedent experienced conscious pain permitting a recovery pursuant to the Survival Act, a jury may consider evidence regarding a decedent's injuries. *Hall v. National Freight, Inc.,* 264 Ill.App.3d 412, 427, 201 Ill.Dec. 359, 636 N.E.2d 791 (Ill. App. 1994).

> "It is not required that medical testimony be offered to establish conscious pain and suffering where lay testimony describing a decedent's actions prior to death [,] coupled with evidence concerning [the decedent's] injuries[,] is sufficient to support a recovery. [Citation.] In making such a determination, an important factor is evidence indicating that the decedent was conscious prior to death. [Citation.] Therefore, damages for conscious pain and suffering may be sustained

> where the decedent was shown to have been conscious prior to death and there is evidence from lay witnesses regarding what took place prior to the cessation of consciousness. [Citation.]"

*Cretton v. Protestant Memorial Med. Ctr., Inc.,* 371 Ill.App.3d 841, 846–47, 309 Ill.Dec. 422, 864 N.E.2d 288, 299 (Ill. App. 2007)(quoting *Hall*, 264 Ill.App. 3d at 427-28, 201 Ill.Dec. 359, 636 N.E.2d 791).

At this point in the litigation and viewing all the facts in the light most favorable to plaintiff as the Court must, the Court finds that this is a jury question and the assessment of the testimony goes to the weight the jury wants to accord that testimony/evidence. Thus, the Court denies defendants motion for summary judgment as the claims related to the Survival Act.

## **Conclusion**

Accordingly, the Court **GRANTS** both the motion for summary judgment on punitive damages (Doc. 107) and the motion for summary judgment on Counts I and IV relative to any claims of negligent hiring, training, supervision, retention & entrustment (Doc. 109) and **DENIES** the motion for summary judgment on Counts IV, V and VI related to claims under the survival act (Doc. 110). The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of defendants and against plaintiff as to the punitive damages claims and the negligent hiring, training, supervision, retention & entrustment claims contained in Counts I and IV of the Fourth Amended Complaint at the close of the case.

Further, the Court **SETS** this matter for Final Pre-trial Conference on December 14, 2017 at 11:00 a.m. Lastly, the Court **DIRECTS** the parties to contact Magistrate Judge Reona J. Daly's chambers if a settlement conference would be beneficial.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.09 11:47:07 -06'00'

**United States District Judge**