IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TAMMY CONWAY, individually,**
**and as Personal Representative**
**of the Estate of David Conway,**
**deceased,**

**Plaintiff,**

v.                                                                          No. 15-01137-DRH

**ADRIAN CARRIERS, LLC,**
**and GREGORY LEE HORNE,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court are the parties ripe motions limine (Docs. 1129 & 131). Based on the following, the Court grants in part and denies in part the motions.

The district court has the inherent authority to manage the course of a trial. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine,* which requests the court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions *in limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TAMMY CONWAY, individually,**
**and as Personal Representative**
**of the Estate of David Conway,**
**deceased,**

**Plaintiff,**

v.                                                                          No. 15-01137-DRH

**ADRIAN CARRIERS, LLC,**
**and GREGORY LEE HORNE,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court are the parties ripe motions limine (Docs. 1129 & 131). Based on the following, the Court grants in part and denies in part the motions.

The district court has the inherent authority to manage the course of a trial. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine,* which requests the court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions *in limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly

ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.* and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues," *United States v. Tokash,* 282 F.3d 962, 968 (7th Cir . 2002).

As with all evidentiary matters, the court has broad discretion when ruling on motions *in limine*. *United States v. Ajayi,* 808 F.3d 1113, 1121 (7th Cir. 2015); *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the Court can change its ruling at trial, "even if nothing unexpected happens[.]" *Luce,* 469 U.S. at 41, 105 S.Ct. 460. Rulings *in limine* are speculative in effect; essentially, they are advisory opinions. *Wilson v. Williams,* 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

### **Plaintiff's motion in limine (Doc. 129)**

1. Any mention of advertising lawyers: The Court **grants** this motion without objection.

2. Any mention of Gregory Horne's driving record being "clean": The Court **grants** this motion over defendants' objection. Further, the Court rules that no evidence or argument will be allowed about any aspect of Gregory Horne's driving record prior to the subject accident.

3. Testimony, evidence or argument about the number of lawsuits, the size of

verdicts, the economic effect of lawsuits on insurance or other similar "tort reform" matters: The Court **grants** the motion without objection.

4. Any mention or reference to David Conway's CDL status: The Court **grants** the motion without objection. However, the Court will allow evidence that David Conway possessed a CDL.

5. Any mention or reference to prior drug/alcohol use by David Conway: The Court **grants** the motion without objection as to both drivers.

6. Any mention or reference to alcohol or drugs of any kind in David Conway blood after the crash: The Court **grants** the motion as to both drivers.

7. Any mention or reference to fault of a third party: The Court **denies** this motion. Evidence of the actions of a third party may be relevant and a ruling at trial as to its admissibility is appropriate based on its nature.

8. Any mention or reference to contributory negligence of David Conway, including: excessive speed, failure to change lanes, failure to keep vehicle under control, following too closely, failure to keep a careful look out: The Court **denies** this motion. Defendants are allowed to produce evidence to support the affirmative defense.

9. Any mention or reference to the amount of time that David Conway or Gregory Horne had to react at the time of the incident: The Court **denies** this motion. The evidence is relevant and defendants are allowed to adduce evidence and present argument.

10. Any mention or reference to photos of the seat or there being some defect associated with the seat and attachments: The Court **grants** this motion without objection.

11. Any mention or reference to David Conway's death being an "instant death": The Court **denies** this motion. Defendants are allowed to draw reasonable inferences from plaintiff's evidence.

12. Any mention or reference to David Conway's past history of paying child support: The Court **denies** this motion. The financial support from David Conway to his children is relevant for the issues of damages.

13. Any mention or reference to undisclosed police reports involving David Conway: The Court **grants** the motion without objection.

14. Any mention or reference to prior tickets, safety violations, DOT violations by David Conway: The Court **grants** this motion without objection.

15. Any mention or reference to prior brain injury or traumatic brain injury of David Conway: The Court **grants** this motion. Defendants argue that it is relevant in support of damages but without supporting evidence the inference is based on speculation.

16. Any mention or reference to David Conway being on anti-depressants: The Court **grants** this motion. Defendants argue that it is relevant in support of damages but without supporting evidence the inference is based

on speculation.

17. Any mention or reference to David Conway having used Diazepam, Valium, Risperdol, Prozac, or other drugs. The Court **grants** this motion. Defendants argue that it is relevant in support of damages but without supporting evidence the inference is based on speculation.

18. Any mention or reference to any prior accident involving David Conway. The Court **grants** the motion as to both drivers.

19. Any mention or reference to the mothers of David Conway's children being on disability or any kind of government support: The Court **grants** the motion without objection.

20. Any mention or reference to David Conway, Tammy Conway or any of the mothers of David Conway's children filing bankruptcy: The Court **grants** the motion without objection.

21. Any mention or reference to any past arrests, lawsuits, or convictions of the mothers of David Conway's children. The Court **grants** the motion without objection.

22. Any mention or reference to the mothers of David Conway's children having had other children by other men: The Court **grants** the motion. However, this does not eliminate the need to know who David Conway's children are.

23. Any mention or reference to negligence of Five Star Trucking for this

incident. The Court **denies** this motion. Evidence of the actions of a third party may be relevant and a ruling at trial as to its admissibility is appropriate based on its nature.

24. Any mention or reference to the mothers of David Conway's children having boyfriends after David Conway. The Court **grants** the motion. This evidence is not relevant.

25. Any mention or reference to David Conway using his phone or other electronic device in any way leading up to the crash: The Court **grants** the motion except the Court will allow evidence regarding of the use of an audiobook.

26. Any mention or reference regarding David Conway's missing driver logs from before the crash: The Court **grants** the motion. Without the support evidence, the jury would be just speculating.

### Defendants' motion in limine (Doc. 131)

1. Trucking industry comments: The Court **grants** the motion. Carte blanche introduction of evidence as to the industry as a whole is irrelevant to the subject accident.

2. Any reference to "sending a message" to trucking companies and truck drivers in response to safety or conduct issues of trucking companies and their drivers: The Court **grants** the motion without objection.

3. Any reference to the financial condition, net worth, or the institutional size of

Adrian Carriers, LLC, Roadrunner Transportation Systems, Roadrunner Intermodal Systems, or any other Roadrunner entity: The Court **grants** the motion without objection.

4. Any evidence concerning defendants' insurance coverage: The Court **grants** the motion without objection.

5. Any evidence or testimony regarding the amount of money spent by defendants on behalf of the defense of this suit or any suit: The Court **grants** the motion without objection.

6. Any evidence or testimony regarding the number of attorneys and or/persons representing defendants and/or assisting with defendants' defense present in the courtroom and/or court gallery. The Court **grants** this motion. The matters defendants seek to exclude are not relevant and even though plaintiff suggests the request is vague, it clearly is not.

7. Any reference to the economic or financial condition of the plaintiff or David Conway's descendants. The Court **grants** the motion. Once again, plaintiff wishes to assume the motion requests more than it does. Obviously, plaintiff's damage evidence is relevant to the extent it is based on admissible evidence. Plaintiff will not be allowed to argue or present evidence that plaintiff's decedent's beneficiaries are destitute and therefore need money.

8. Any evidence or reference to the living arrangements of David Conway's and/or Tammy Conway's children, and Tammy Conway including any

assistance or lack thereof from David Conway's parents: The Court **grants** the motion. The Court will allow plaintiff to present admissible damage evidence based on what is allowed by law. The Court will not allow plaintiff to pray on the jury's sympathy to pay beyond what is allowed under the law, particularly if the evidence does not support an inference by the jury that defendants were responsible under the law for plaintiff's damages.

9. Any testimony, reference to, or comment, directly or indirectly, of any police officer offering an opinion as to fault of either party that contributed to the cause of the accident: The Court **grants** the motion. Reconstruction evidence is admissible and the findings of that investigation are admissible. However, no witness will be allowed to opine regarding fault or relative responsibilities by either party in causing the accident. The jury will infer and make findings from the evidence.

10. Any evidence or reference to any prior or subsequent accident involving Gregory Horne: The Court **grants** the motion. Such evidence is not relevant as to liability. Regarding credibility as asserted by plaintiff, the evidence is more prejudicial than probative and the jury can be confused by the evidence if admitted for a limited purpose.

11. Evidence of settlement negotiations involving defendants and/or defendants' insurance carrier: The Court **grants** the motion without objection.

12. Any reference or evidence of any subsequent remedial activities involving defendants including that Horne was terminated as a result of this accident: The Court **grants** this motion over plaintiff's objection. Plaintiff argues that this evidence is relevant to rebut any argument by defendants that defendant Horne was not at fault but then was fired as a result of an internal investigation relative to the subject accident. Such remedial measure is not admissible and is immaterial.

13. Any reference to the quality of the post-accident investigation conducted by defendants: The Court **grants** the motion without objection.

14. Any evidence or reference to any medical condition and/or special needs of plaintiff and/or David Conway's descendants: The Court **grants** the motion without objection.

15. Any evidence or reference to any medications prescribed for Gregory Horne or any medical conditions of Gregory Horne unless it can be established by competent medical testimony that the medications cause or contributed to cause this accident: The Court **grants** the motion without objection.

16. Any reference to Gregory Horne's driver medical certificate: The Court **grants** the motion without objection.

17. Any reference to any medical condition of Gregory Horne unless it can be established by competent medical testimony that his medical condition

caused or contributed to cause this accident: The Court **grants** the motion without objection.

18. Any evidence or reference to Gregory Horne's qualification to operate a commercial motor vehicle including reference or mention of his driver's qualification file with Adrian Carriers: The Court **grants** the motion. This evidence is irrelevant.

19. Any evidence or reference to Adrian Carriers' hiring process or the decision to hire or retain Gregory Horne: The Court **grants** the motion without objection.

20. Any reference to Gregory Horne's employment application with Adrian Carriers: The Court **grants** the motion. There will not be any evidence that Horne was a good and careful driver or any evidence about his driving record and therefore the evidence sought to keep out is irrelevant.

21. Any and all evidence that Adrian Carriers failed to properly qualify Horne's competence and ability to operate a tractor-trailer: The Court **grants** the motion without objection.

22. Any and all evidence that Adrian Carriers failed to properly train Horne in the safe operation of a tractor-trailer: The Court **grants** the motion without objection.

23. Any and all evidence that Adrian Carriers failed to properly monitor Horne to ensure he was in compliance with the Federal Motor Carrier Safety

Regulations: The Court **grants** the motion without objection.

24. Any reference insinuating that defendant Adrian Carriers aided, abetted, allowed, or encouraged Gregory Horne to violate the Federal Motor Carrier Safety Regulations: The Court **grants** the motion without objection.

25. Any mention of David Conway's reputation for the safety on the job or reputation as to character: The Court **grants** the motion. There will not be any evidence regarding David Conway's reputation for safety on the job or reputation as to character as this evidence is irrelevant.

Accordingly, the Court **GRANTS in part** and **DENIES in part** the parties motions in limine (Docs. 129 & 131).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.31
10:47:20 -06'00'

**United States District Judge**