# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TAMMY CONWAY, individually, )
and as Special Administrator of the )
Estate of DAVID CONWAY, deceased )
)
    Plaintiff, )
)
v. ) Cause No.: 3:15-cv-01137-DRH-RJD
)
ADRIAN CARRIERS, LLC, )
and GREGORY HORNE, )
)
    Defendants. )

## PETITION FOR APPROVAL OF SETTLEMENT OF MINORS AND FOR DISTRIBUTION OF SETTLEMENT PROCEEDS

COMES NOW Tammy Conway (spouse of Decedent and mother of minor children D.C. and C.C), Amanda Nelson (mother of minor M.C.), and Danielle Mitchell (mother of minor child V.M.), and for their Petition for Approval of Settlement states as follows:

1. Tammy Conway is the spouse of decedent and the natural mother of D.C. (Decedent's son) and C.C. (Decedent's daughter), both minor children.

2. Minors D.C. and C.C. lived with the Decedent.

3. Amanda Nelson is the natural mother of M.C. (Decedent's son), a minor child.

4. Danielle Mitchell is the natural mother of V.M. (Decedent's daughter), a minor child.

5. Minors M.C. and V.M. did <u>not</u> live with the Decedent.

6. On or about August 24, 2015, David Conway (Decedent), sustained fatal injuries as a result of a motor vehicle collision which occurred on Interstate 55 in Grundy County, Illinois,

1

involving a tractor trailer driven by Gregory Lee Horne on behalf of Adrian Carriers, LLC and a tractor trailer driven by the Decedent on behalf of 5 Star Logistics.

7. Pursuant to the Court's Order requesting information about the liability of the case (strengths and weaknesses), it is further stated that this case:

    a. Was a tractor trailer vs. tractor trailer collision;

    b. The Defendants were allegedly pulled over on the shoulder of Highway 55;

    c. A strength for Plaintiffs is that defendants were allegedly in the process of getting up to highway speed in the right hand lane when Defendants' truck was rear-ended by Decedent's truck.

    d. A weakness for Plaintiffs is that allegedly the Decedent should have been able to see Defendants' truck in plenty of time to move into the fast lane, slow down, or take other evasive action to avoid rear-ending the Defendants.

8. David Conway (Decedent) is the natural father of 4 minor children D.C., C.C., M.C., and V.M.

9. The petitioners have made claims for the alleged wrongful death of David Conway, claiming Defendants were negligent and that the alleged negligence caused the accident and the death of David Conway.

10. The class of persons eligible to recover for the claim of the wrongful death of David Conway under the Illinois Wrongful Death Act, 740 ILCS 180/ et seq. are:

    a. Tammy Conway (spouse);
    b. D.C. (minor child);
    c. C.C. (minor child);
    d. M.C. (minor child); and
    e. V.M. (minor child).

11. The parties mediated on two separate occasions with independent mediator Michael S. Geigerman of USA&M, on April 27, 2017, and on January 22, 2018. The mediations both ended without an agreement.

12. Several months after the second unsuccessful mediation, the parties reached a settlement agreement, subject to Court approval. The Settlement Agreement and Release of All Claims entered into between the parties is a good faith settlement, negotiated at arm's length.

13. Tammy Conway (spouse of Decedent) is requesting this honorable court to appoint her Guardian of D.C. and C.C., minor children, contemporaneously with the filing of this Petition for Approval per the **AFFIDAVIT OF TAMMY CONWAY (SPOUSE OF DECEDENT DAVID CONWAY) AND MOTHER, NEXT FRIEND, AND GUARDIAN OF D.C. (MINOR CHILD) AND C.C. (MINOR CHILD) IN SUPPORT OF PETITION.** This honorable court's appointment is incorporated by reference.

14. Amanda Nelson (mother of M.C., minor child) is requesting this honorable court to appoint her Guardian of M.C., a minor child, contemporaneously with the filing of this Petition for Approval per the **AFFIDAVIT OF AMANDA NELSON, MOTHER, NEXT FRIEND, AND GUARDIAN OF M.C. (MINOR CHILD) IN SUPPORT OF PETITION**. This court's appointment is incorporated by reference.

15. Danielle Mitchell (mother of V.M.) is requesting this honorable court to appoint her Guardian of V.M., a minor child, contemporaneously with the filing of the Petition for Approval per the **AFFIDAVIT OF DANIELLE MITCHELL, MOTHER, NEXT FRIEND, AND GUARDIAN OF V.M. (MINOR CHILD) IN SUPPORT OF PETITION**. This court's appointment is incorporated by reference.

16. The terms of the negotiated settlement are set forth in the Settlement Agreement and Release of All Claims, attached hereto as Exhibit D.

17. The claimants have agreed to split the money from the Settlement as follows:

   a. 50% Tammy Conway (spouse);
   b. 12.5% D.C. (minor child);
   c. 12.5% C.C. (minor child);
   d. 12.5% M.C. (minor child); and
   e. 12.5% V.M. (minor child).

18. The Petitioners request the Court allow them to settle the causes of action of the Minors pursuant to the Settlement Agreement and Release of All Claims.

19. Petitioner Tammy Conway believes the proposed settlement is fair and proper to compensate Minors D.C. and C.C. and it is in the best interests of the Minors D.C. and C.C. that the offer be accepted and that the Minors' respective claims be settled and that she be authorized to execute all documents necessary to fully release and settle all claims that the Petitioner and/or the Minors D.C. and C.C. may have because of this occurrence and execute all necessary documentations associated with the purchase of structured settlements and trusts.

20. Petitioner Amanda Nelson believes that the proposed settlement is fair and proper to compensate M.C, a Minor, and it is in the best interests of M.C., a Minor, that the offer be accepted and that the Minor's claim be settled and that she be authorized to execute all documents necessary to fully release and settle all claims that the Petitioner and/or the Minor M.C. may have because of this occurrence and execute all necessary documentations associated with the purchase of structured settlements and trusts.

21. Petitioner Danielle Mitchell believes that the proposed settlement is fair and proper to compensate V.M, a Minor, and it is in the best interests of V.M., a Minor, that the offer be

accepted and that the Minor's claim be settled and that she be authorized to execute all documents necessary to fully release and settle all claims that the Petitioner and/or the Minor V.M. may have because of this occurrence and execute all necessary documentations associated with the purchase of structured settlements and trusts.

WHEREFORE, the petitioner prays that this Court enter an Order which includes the following:

(i) An Order approving the settlement between the 4 Minors and the Defendants and their insurers;

(ii) An Order approving the distribution of the proceeds from the settlement as outlined in this Petition including (i) the purchase of structured settlements for the benefit of the Plaintiffs from The Prudential Insurance Company of America as described in the release between the parties and in accordance with Section 130 of the Internal Revenue Code and (ii) the funding of trusts for Tammy Conway, D.C., C.C. and M.C.

(iii) That Tammy Conway, the duly authorized limited Guardian of D.C. and C.C., is authorized to execute any and all Releases and documentation related to the purchase and assignment of the structured settlements and/or trusts described herein;

(iv) That Tammy Conway is authorized to pay from the proceeds of settlement the attorneys' fees and costs set forth herein as well as any unpaid medical bills, subrogation claims and/or liens of the Estate of David Conway.

(v) That Amanda Nelson, the duly authorized limited Guardian of M.C., is authorized to execute any and all Releases and documentation related to the purchase and assignment of the structured settlements and/or trusts described herein;

5

(vi) That Danielle Mitchell, the duly authorized limited Guardian of V.M., is authorized to execute any and all Releases and documentation related to the purchase and assignment of the structured settlements and/or trusts described herein;

(vii) That TAMMY SUE CONWAY, has been determined by the Social Security Administration to be an individual with a disability pursuant to the provisions of 42 U.S.C. § 1382(c)(3); and that TAMMY SUE CONWAY is currently receiving Medicaid and other public benefits on which she relies and that such benefits will be adversely affected if the settlement proceeds are paid directly to her or to her legal representative;

That IT IS ORDERED and DIRECTED that a special needs trust shall be established by TAMMY SUE CONWAY ("the Establisher") to receive and manage the settlement proceeds in the manner set forth in the settlement agreement and release; and shall be administered by the Trustee in accordance with the terms and conditions of 42 U.S.C. §1396p(d)(4)(A) and the Trust Agreement; allowing her to maintain her current public benefits and those to which she may later become entitled;

That IT IS FURTHER ORDERED that all payments directed to the TAMMY SUE CONWAY SPECIAL NEEDS TRUST shall be made payable directly to the TRUSTEE OF THE TAMMY SUE CONWAY SPECIAL NEEDS TRUST; and

IT IS FURTHER ORDERED that the beneficiary shall not have the ability to unilaterally reassign any payments, lump-sum or structured, payable as part of the Settlement Agreement.

(viii) That the Court finds that C.C., is a minor who has been determined by the Social Security Administration to have a disability pursuant to 42 U.S.C. § 1382 (c)(3), and that her disability will last for an unspecified period; and that C.C. is currently receiving Medicaid and other public benefits which will be adversely affected if the settlement proceeds are paid directly to her or to her legal representative;

That IT IS ORDERED and DIRECTED that a special needs trust be established by TAMMY SUE CONWAY ("the Establisher") for the benefit of C.C. in accordance


with the terms and conditions of 42 U.S.C. §1396p(d)(4)(A) to receive and manage the settlement proceeds in the manner set forth in the settlement agreement, allowing him to maintain her current public benefits and those to which she may later become entitled;

That IT IS FURTHER ORDERED that all payments from such settlement, whether lump-sum or from a structured annuity, shall be made payable directly to the TRUSTEE OF THE C.C. SPECIAL NEEDS TRUST; and

That IT IS FURTHER ORDERED that the beneficiary shall not have the ability to unilaterally reassign any payments, lump-sum or structured, payable as part of the Settlement Agreement.

(ix) That the Court finds that D.C., is a minor who has been determined by the Social Security Administration to have a disability pursuant to 42 U.S.C. § 1382 (c)(3), and that his disability will last for an unspecified period; and that D.C. is currently receiving Medicaid and other public benefits which will be adversely affected if the settlement proceeds are paid directly to him or to his legal representative;

    That, IT IS ORDERED and DIRECTED that a special needs trust be established by TAMMY SUE CONWAY ("THE Establisher") for the benefit of D.C. in accordance with the terms and conditions of 42 U.S.C. §1396p(d)(4)(A) to receive and manage the settlement proceeds in the manner set forth in the settlement agreement, allowing him to maintain his current public benefits and those to which he may later become entitled;

    That IT IS FURTHER ORDERED that all payments from such settlement, whether lump-sum or from a structured annuity, shall be made payable directly to the TRUSTEE OF THE D.C. SPECIAL NEEDS TRUST; and

    That IT IS FURTHER ORDERED that the beneficiary shall not have the ability to unilaterally reassign any payments, lump-sum or structured, payable as part of the Settlement Agreement.

(j) The Court finds M.C. is a minor who has been determined by the Social Security Administration to have a disability pursuant to 42 U.S.C. § 1382 (c)(3), and that his disability will last for an unspecified period; and that M.C. is currently receiving Medicaid and other public benefits which will be adversely affected if the settlement proceeds are paid directly to him or to his legal representative;

(k) THEREFORE, IT IS ORDERED and DIRECTED that a special needs trust be established by AMANDA NELSON ("THE Establisher") for the benefit M.C. in accordance with the terms and conditions of 42 U.S.C. §1396p(d)(4)(A) to receive and manage the settlement proceeds in the manner set forth in the settlement agreement, allowing him to maintain his current public benefits and those to which he may later become entitled;

*(l)* IT IS FURTHER ORDERED that all payments from such settlement, whether lump-sum or from a structured annuity, shall be made payable directly to the TRUSTEE OF THE M.C. SPECIAL NEEDS TRUST; and

(m) IT IS FURTHER ORDERED that the beneficiary shall not have the ability to unilaterally reassign any payments, lump-sum or structured, payable as part of the Settlement Agreement.

(n) For any other relief this Court deems just and appropriate.

Respectfully submitted,

**PAGE LAW, LLC**

*/s/ John J. Page*
John J. Page, #6314909
Andrew T. Drazen, #6294967
J. Brad Wilmoth, #62852678
9930 Watson Rd. Suite 100
St. Louis, MO 63126
Office: 314-835-5800
E-fax: 314-835-5853
john@pagelaw.com
andy@pagelaw.com
brad@pagelaw.com
***Attorneys for Plaintiff***

8

**ROBERTS PERRYMAN, P.C.**

*/s/ Ted L. Perryman*
Ted L. Perryman, #2170504
Jason D. Guerra, #6281822
Steven A. Ahillen, #6305353
1034 S. Brentwood Blvd, Suite 2100
St. Louis, MO 63117
(314) 421-1850
(314) 421-4346 Facsimile
tperryman@robertsperryman.com
jguerra@robertsperryman.com
sahillen@robertsperryman.com
***Attorneys for Defendants***