IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TAMMY CONWAY, individually,
and as Special Administrator of the
Estate of DAVID CONWAY, deceased**

    **Plaintiff,**

**v.**                                           Cause No.: 3:15-cv-01137-DRH-RJD

**ADRIAN CARRIERS, LLC,
and GREGORY HORNE,**

    **Defendants.**

### ORDER APPROVING WRONGFUL DEATH SETTLEMENT

The Petition for Approval of Settlement of Minors and For Distribution of Settlement Proceeds has been called and heard by the Court. Tammy Conway, D.C., C.C., M.C., and V.M. (collectively the "Claimants") are persons entitled to sue and recover damages for the wrongful death of David Conway, ("Decedent") pursuant to the Wrongful Death Act, 740 ILCS 180/1 et seq. All parties have declared their consent to the Petition for Approval of Settlement of Minors and For Distribution of Settlement Proceeds.

The Court has considered the Petition for Approval of Settlement of Minors and For Distribution of Settlement Proceeds. On the basis of the evidence adduced, the colloquy of the Court with counsel and the pleadings on record and on file, the Court enters the following findings:

1. The Court finds that Claimants are the only persons entitled to sue and recover damages for the wrongful death of Decedent.

2. The Court finds that Claimants have diligently attempted to notify all parties having a cause of action under 740 ILCS 180/1 et seq.

3. The Court finds that Claimants have been duly advised of their right to a jury trial against Defendants and have waived that right, and instead have asked the Court to approve Claimants' proposed settlement, understanding that if approved, the proposed settlement will forever bar all claims brought by Claimants or anyone else entitled to sue and recover from Defendants **Gregory Horne, Adrian Carriers, LLC, Roadrunner Transportation Systems, and their insurance carriers, Great West Casualty Company** (for insurance it provided that covered Gregory Horne, Adrian Carriers, LLC, and Roadrunner Transportations Systems for this incident) and **American International Group (AIG)** (for insurance it provided that covered Gregory Horne, Adrian Carriers, LLC, and Roadrunner Transportations Systems for this incident) as detailed in the Settlement Agreement and Release of All Claims that has been executed by Claimants; said claims being based upon the Decedent's alleged wrongful death as a result of a motor vehicle accident that occurred on August 24, 2015.

4. After a full complete investigation of the circumstances of this case, these parties have entered into a confidential Settlement Agreement and Release of All Claims for the Defendants **Gregory Horne, Adrian Carriers, LLC, Roadrunner Transportation Systems, and their insurance carriers, Great West Casualty Company** (for insurance it provided that covered Gregory Horne, Adrian Carriers, LLC, and Roadrunner Transportations Systems for this incident) and

**American International Group (AIG)** (for insurance it provided that covered Gregory Horne, Adrian Carriers, LLC, and Roadrunner Transportations Systems for this incident) for the alleged wrongful death of the Decedent.

5. As a result of the parties' settlement agreement, Claimants have executed a Settlement Agreement and Release of All Claims, which provides for total payment of a confidential sum, which has been offered to the Court for its review.

6. This Court has reviewed the terms of the Settlement Agreement and Release of All Claims, the Addendums and the proposed distribution, including the amount of settlement payment required, with this payment representing the compromise, settlement, and release of the wrongful death claims of Claimants against Defendants for the alleged wrongful death of Decedent.

7. This Court has reviewed the terms of the Settlement Agreement and Release of All Claims, the Addendums and hereby finds that the settlement is in the best interests of the Claimants, is fair and reasonable, has been made in good faith between the parties, and the proposed distribution, Release and Addendums are expressly approved by the Court.

NOW, THEREFORE, being fully advised in the premises, it is hereby ORDERED that:

1. The settlement of Claimants claims for the total amount set forth in the Settlement Agreement and Release of All Claims and Addendums for and on

behalf of all persons who may be entitled to sue for damages for the alleged wrongful death of David Conway is hereby approved.

2. The proposed distribution of the proceeds set forth in the Settlement Agreement and Release of All Claims, including the schedule set forth in Addendum A, is hereby approved. The structured settlement annuities referenced in Addendum A shall be purchased in accordance with Section 130 of the Internal Revenue Code.

3. Plaintiff Tammy Conway (spouse) is hereby authorized to execute the Release on behalf of all persons entitled to make a claim for damages pursuant to 740 ILCS 180/1 et seq.

4. Plaintiff Tammy Conway (spouse) is hereby authorized to execute and distribute the settlement proceeds pursuant to the terms of the Release.

5. Tammy Conway (spouse of Decedent) is hereby appointed Guardian of D.C. and C.C., her minor children and is hereby authorized to execute and distribute the settlement proceeds pursuant to the terms of the Release and execute all necessary/required documents on behalf of D.C. and C.C.

6. Amanda Nelson (mother of M.C., minor child) is hereby appointed Guardian of M.C., her minor child and is hereby authorized to execute and distribute the settlement proceeds pursuant to the terms of the Release and execute all necessary/required documents on behalf of M.C.

7. Danielle Mitchell (mother of V.M.) is hereby appointed Guardian of V.M.,

her minor child and is hereby authorized to execute and distribute the settlement proceeds pursuant to the terms of the Release and execute all necessary/required documents on behalf of V.M. and C.C.

8. The attorney fees and expenses that are to be deducted from the settlement agreement are fair and reasonable and are approved by the Court.

9. Any and all liens or rights of reimbursement shall be deducted from the settlement proceeds and paid in a manner consistent with the Settlement Agreement and Release of All Claims.

10. This matter shall be dismissed by a separate order forthcoming.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.01 16:34:00
-05'00'

**United States District Judge**

5